DA 12-0422

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 165N

C.R. WEAVER,

      Plaintiff and Appellant,

  v.

FIRST BANK OF LINCOLN,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV 10-371
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      William L. Managhan, Managhan Law Firm; Kalispell, Montana

      For Appellee:

      KD Feeback, Gough, Shanahan, Johnson & Waterman, PLLP; Helena, Montana

Submitted on Briefs:  April 24, 2013

Decided:   June 18, 2013

Filed:

_____
                   Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    C.R. Weaver (Weaver), self-represented, sued First Bank of Lincoln (Bank) for breach of an alleged commercial loan commitment and violation of the Montana Consumer Protection Act (MCPA). The District Court granted summary judgment to the Bank because the alleged loan was not in writing, as required by statute, and the MCPA does not apply to commercial transactions. We affirm.

¶3    Weaver alleged in his complaint that the Bank had committed to loan him a total of $480,000.00. Apparently the Bank's lending limit was $290,000.00, so, as alleged by Weaver, the Bank promised to obtain an overline loan from another bank for the additional $190,000.00. Neither of these alleged commitments were reduced to writing. Section 31-1-116, MCA, provides:

> (1) With respect to a commercial loan, a contract action or a breach of contract action may not be brought against a regulated lender on a promise or commitment that is not in writing where the promise or commitment is to:
>       (a) lend money or to extend credit;
>       (b) alter, amend, renew, extend, or otherwise modify an existing promise, commitment, or agreement to lend money or extend credit; or
>       (c) make a financial accommodation.
>       (2) For the purposes of this section, "commercial loan" means money loaned or credit extended primarily for commercial or business purposes, in excess of $100,000, and does not include money lent or credit extended for personal, family, or household purposes and also does not include charge or

2

credit card accounts, personal lines of credit, personal overdraft accounts, or other consumer accounts.

The statute is clear that a cause of action for breach of a commercial loan contract in excess of $100,000.00 must be supported by a written agreement. In this case there was no written agreement and the District Court correctly granted summary judgment to the Bank on Weaver's alleged breach of contract claim.

¶4 Weaver also alleged in his complaint that the Bank falsely reported a late payment on a $290,000.00 commercial loan, which was reflected on his credit report, thereby causing him certain credit problems. Although Weaver did not expressly allege this action by the Bank as a violation of the MCPA in his complaint, he claimed treble damages pursuant to Section 30-14-133, MCA, and the District Court treated it as a claimed MCPA violation. Section 30-14-102(1), MCA, defines "consumer" (for purposes of the MCPA) to mean "a person who purchases or leases goods, services, real property, or information primarily for personal, family or household purposes." During his deposition Weaver admitted that this loan was for commercial purposes. The District Court correctly granted summary judgment to the Bank on Weaver's alleged MCPA claim.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court correctly applied the law to the claims asserted by Weaver.

¶6 Affirmed.

3

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS
/S/ JIM RICE